**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **WILMER ALEXSANDER CARBAJAL MERCADO,**<br><br>**Petitioner,**<br>**v.**<br><br>**JASON KNIGHT, Acting Field Office Director, Salt Lake City Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; RYAN ARBON, Weber County Sheriff; DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, United States Attorney General,**<br><br>**Respondents.** | **ORDER TO SHOW CAUSE**<br><br>**Civil Case No. 1:26-CV-175-DAK-PK**<br><br>**Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul Kohler** |

Petitioner informed the court that Respondents did not return his personal identity documents when he was released from custody on November 24, 2026. When he was detained, Petitioner had in his possession two Honduran passports, his Utah Driver's License, his USCIS issued Employment Authorization card, and his Social Security card. The court issues this Order to Show Cause to Respondents to show cause why the court should not hold them in contempt for failing to follow this court's November 22, 2026 Memorandum Decision and Order.

"[I]t is long settled that courts possess inherent authority to initiate contempt proceedings for disobedience to their orders." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 793

(1987). A court "shall have the power to punish by fine or imprisonment . . . such contempt of its authority" where a party demonstrates "disobedience or resistance to' the court's "writ, order, rule decree, or command." 18 U.S.C. § 401. "[C]ontempt is considered civil if the sanction imposed is designed primarily to coerce the contemnor into complying with the court's demands." *ClearOne Communications, Inc. v. Chiang*, 670 F. Supp. 2d 1248, 1281 (D. Utah 2009).

In this case, this court's November 22, 2026 Memorandum Decision and Order is a clear and valid order requiring Respondents to return Petitioner's personal identity documents. Respondents have full knowledge of that Memorandum Decision and Order but have allegedly disobeyed that Order. *See F.T.C. v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004). However, a court must grant the disobedient party an opportunity to be heard. Therefore, By Friday, November 27, 2026, Respondents shall respond to this Order to Show Cause why the court should not find them in civil contempt, explaining why Petitioner's forms of identification and work authorization card were not returned and when the documents will be returned. The court will inform the parties whether it will hold a hearing on this potential contempt matter.

DATED this 24th day of November 2026.

BY THE COURT:

Dale A. Kimball

DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE